4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard Maurice BROOKS, Defendant-Appellant.
 No. 92-5847.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 7, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.
 Harold J. Bender, for Appellant.
 Jerry W. Miller, United States Attorney, Robert J. Conrad, Jr., Assistant United States Attorney, for appellee.
 W.D.N.C.
 AFFIRMED
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Leonard Maurice Brooks was convicted by a jury of conspiracy to possess cocaine base (crack) with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp. 1993), possession of cocaine base with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp. 1993), 18 U.S.C. Sec. 2 (1988), and using or carrying a firearm in relation to a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp. 1993). He appeals his conviction of the Sec. 924(c) charge, alleging that the district court erred in denying his judgment of acquittal. He also contends that the district court clearly erred in calculating the amount of drugs involved in the offense. We affirm.
 
 
 2
 Brooks was arrested by state authorities on August 19, 1991, after police received a call from Pam Coleman informing them that Brooks and Aaron Houston had just left the efficiency room where she was staying to sell crack, and that there were more drugs and a gun in the room. When police arrived, they arrested Coleman and Houston, who had returned, and found 6.4 grams of crack cocaine, a gun, scales, and plastic bags in the room. They then staked out the building. When Brooks drove up, he spotted the undercover officers in the parking lot and drove away, followed by police who stopped him shortly afterward on the interstate highway. He had a gun in his car, but no drugs.
 
 
 3
 At Brooks's trial, co-defendant Houston testified in some detail about selling drugs for Brooks and about Brooks's drug operation. He testified that both he and Brooks normally carried a gun when selling drugs because it was necessary for protection. Pam Coleman, Houston's girlfriend, also testified that Brooks had a gun whenever she saw him. Reviewing the evidence in the light most favorable to the government, as we must, Glasser v. United States, 315 U.S. 60 (1942), we find that it was sufficient to support the conviction under Sec. 924(c). See United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988) (enough that gun present for protection and to facilitate success).
 
 
 4
 Because the amount of crack seized did not reflect the scale of the offense, the district court was entitled to estimate the total quantity. United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1, comment. (n.12) (Nov. 1992). The probation officer recommended a finding that Brooks received an ounce every two weeks over a fourteen-week period-a total of seven ounces, or 200 grams of cocaine.* Assuming a twelve percent loss in weight when the cocaine powder was cooked into crack, see United States v. Paz, 927 F.2d 176, 180 (4th Cir. 1991), 200 grams of powder yields 176 grams of crack, in addition to the 6.4 grams seized from the efficiency room. Therefore, the district court's determination that over 150 grams were involved was not clearly erroneous, and the base offense level was correctly set at thirty-four. The 100:1 ratio of cocaine powder to crack which Brooks urged on the district court and again argues on appeal is found in the Drug Equivalency Table provided in section 2D1.1, comment. (n.10), but is not used to determine how much crack can be derived from a particular amount of cocaine powder. Instead, it is a means of combining different controlled substances, when necessary, to obtain a single offense level. See Paz, 927 F.2d at 180. It has no application in this case.
 
 
 5
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Houston said he began selling for Brooks in May; Coleman testified he began in mid-March